| Form 668(Y)CM (Rev. June 1994) | DEPARTMENT OF FINANCE - DIVISION OF REVENUE AND TAXATION **COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS** **NOTICE OF TAX LIEN UNDER CNMI TAX LAWS** | |
|---|---|---|
| District **Saipan** | Serial Number **21-0001** | For Optional Use by Recording office |

As provided by 4 CMC §1811 and Sections 6321, 6322, and 6323 of the Northern Marianas Territorial Income Tax and 4 CMC §1701 et.seq., notice is given that taxes (including interest and penalties) have been assessed against the following-named taxpayer. Demand for payment of this liability has been made, but it remains unpaid. Therefore, there is a lien in favor of the Commonwealth of the Northern Mariana Islands on all property and rights to property belonging to the taxpayer for the amount of these taxes and any additional penalties, interest, and costs that may accrue.

MC 20-0030

FILE # 20-1111

BOOK# 20 PAGE 28

FILE NO. 20-1498

**FILED** OCT 2 7 2020  Clerk District Court

Name of Taxpayer: **IMPERIAL PACIFIC INTERNATIONAL (CNMI), LLC.**

Date: 10/27/20  Time: 10:08 AM

Residence: **P.O. BOX 10001 PMB 915 SAIPAN MP. 96950**

Book: 20  Page: 38

ADDITIONAL

**IMPORTANT RELEASE INFORMATION:** With respect to each NMTIT assessment listed below, unless notice of lien is refiled by the date given in column (e), this notice shall, on the day following such date, operate as a certificate of release as defined in NMTIT 6325(a).

Commonwealth Recorder

| Kind of Tax (a) | Tax period Ended (b) | Identifying Number (c) | Date of Assessment | Last Day of Refiling | Unpaid Balance of Assessment (f) |
|---|---|---|---|---|---|
| OS-3705 | 06/30/2020 | 20350667 | 09/04/2020 | 10/04/2030 | 7,491.76 |
| OS-3105 | 01/31/2020 | 20351195 | 09/09/2020 | 10/09/2030 | 40,996.12 |
| OS-3105 | 02/28/2020 | 20352315 | 09/11/2020 | 10/11/2030 | 101,600.03 |
| OS-3105 | 03/31/2020 | 20353983 | 09/21/2020 | 10/21/2021 | 26,792.79 |

Place of Filing: CNMI Superior Court
U.S. District Court

$ 176,880.70

This notice was prepared and signed at Division of Revenue and Taxation, on this, the **27th** day of **October**, **2020**.

Signature: *Richard F. Santos*

Title: Manager, **Collection & Remittance Branch**

On this _____ day of _____, 20____, before me a Notary Public of the CNMI, personally appeared the above signed individual, who acknowledge to me that he signed the foregoing instrument as his free and voluntary act and deed for the purposes therein set forth.

IN WITNESS WHEREOF, I have hereunto set my hand and affixed my official seal the day and year first above written.

SUBSCRIBED AND SWORN to before me, a NOTARY PUBLIC this 27 day of Oct, 2020 by _____

SASHA A. LEON GUERRERO
P.O. Box 5234 CHRB, Saipan, MP 96950
Notary Public Reg. No. 88A
BY AND FOR THE COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS USA
My Commission Expires: 01/18/2022

Sec. 6321. Lien for Taxes.

If any person liable to pay any tax neglects or refuses to pay the same after demand, the amount (including any interest, additional amount, addition to tax, or assessable penalty, together with any costs that may accrue in addition thereto) shall be a lien in favor of the CNMI upon all property and rights to property, whether real or personal, belonging to such person.

Sec. 6322. Period of Lien.

Unless another date is specifically fixed by law, the lien imposed by section 6321 shall arise at the time the assessment is made and shall continue until the liability for the amount so assessed (or a judgment against the taxpayer arising out of such liability) is satisfied or becomes unenforceable by reason of lapse of time.

Sec. 6323. Validity and Priority Against Certain Person.

(a) Purchaser's, Holder of Security Interest, Mechanic's Lienors, And Judgment Lien Creditors. - The lien imposed by section 6321 shall not be valid as against any purchaser, holder of a security interest, mechanic's lienor, or judgment lien creditor until notice thereof which meets the requirements of subsection (f) has been filed by the Director.

(f) Place For Filing Notice; Form. -

(1) Place for Filing. The notice referred to in subsection (a) shall be filed-

(A) Under State Laws

(I) Real Property - In the case of real property, in one office within the State (or the country, or other governmental subdivision), as designated by the laws of such State, in which the property subject to lien is situated; and

(ii) Personal Property - In the case of personal property, whether tangible or intangible, in one office within the State (or the county, or other governmental subdivision), as designated by the laws of such State, in which property subject to the lien is situated; or

(B) With Clerk Of District Court - in the office of the clerk of the United States district court for the judicial district in which the property subject to lien is situated, whenever the State has not by law designated one office which meets the requirements of subparagraph (A), or

(C) With Recorder of Deeds Of The District Of Columbia - In the office of the Recorder of Deeds of the District of Columbia, if the property subject to the lien is situated in the District of Columbia.

(2) Sites Of Property Subject To Lien - For purposes of paragraphs (1) and (4), property shall be deemed to be situated -

(A) Real Property - In the case of real property, at its physical location; or

(B) Personal Property - In the case of personal

4. Personal property purchased in casual sale
5. Personal property subjected to possessory lien
6. Real property tax and special assessment liens
7. Residential property subject to a mechanic's lien for certain repairs and improvements
8. Attorney's lien
9. Certain insurance contracts
10. Passbook loans

(g) Refiling Of Notice. - For purposes of this section:

(1) General Rule. - Unless notice of lien is refiled in the manner prescribed in paragraph (2) during the required refiling period, such notice of lien shall be treated as filed on the date on which it is filed (in accordance with subsection (f) after the expiration of such refilingperiod.

(2) Place For Filing. - A notice of lien refiled during the that required refiling period shall be effective only

(A) If-

(I) such notice of lien is refiled in the office in which the prior notice of lien was filed, and

(ii) in the case of real property, the fact of refiling is entered and recorded in an index to the extend required by subsection (f)

(B) in any case in which, 90 days or more prior to the date of a refiling of notice of lien under subparagraph (A), the Director received written information in the manner prescribed in regulations issued by the Director concerning a change in the taxpayer's residence, if a notice of such lien is also filed in accordance with subsection (f) in the State in which such residence is located.

(3) Required Refiling Period. - In the case of any notice lien, the term "required filing period" means -

(A) the one year period ending 30 days after the expiration of 10 years after the close of the preceding required refiling period for such notice of lien.

Sec. 6325. Release Of Lien Or Discharge of Property.

(a) Release Of Lien. - Subject to such regulations as the Director may prescribe, the Director shall issue a certificate of release of any lien imposed with respect to any internal revenue tax not later than 30 days after the day on which.

(1) Liability Satisfied or Unenforceable - The Director finds that the liability for the amount assessed, together with all interest in respect thereof, has been fully satisfied or has become legally unenforceable; or

(2) Bond Accepted - There is furnished to the Director and accepted by him a bond that is conditioned upon the payment of the amount assessed, together with all interest in respect thereof, within the time prescribed by law (including any extension of such time), and that is in accordance with such requirements relating to terms, conditions, and form of the bond and sureties thereon, as may be specified by such regulations.

Sec. 6103. Confidentiality and Disclosure of Returns

The Director pursuant to Section 1818 of this Act.

4CMC §1818 Rules and Regulations

The Director, upon approval of the Governor, shall have broad authority to prescribe all necessary rules and regulations not in conflict with this Act for the assessment and collection of taxes, penalties, fees and charges and for the proper administration of this Act.

Section 1204.18. Lien and Levy Procedure.

The Director has authority under 4 CMC §1811 and §1818 to issue regulations concerning the enforcement and collection of taxes through the use of tax liens and levies upon property and income belonging to taxpayers.

For purposes of the Northern Marianas Territorial Income Tax ("NMTIT"), 4 CMC, Division I, Chapter 7, tax liens and levies of the CNMI Government shall be governed, to the extent applicable, by the rules and procedures set forth in the U.S. Internal Revenue Code ("IRC") of 1986 as amended and the Regulations promulgated thereunder.

For purposes of Business Gross Revenue Tax ("BGRT"), 4 CMC, Division I, Chapter 3, and the Wage and Salary Tax ("WST"), 4 CMC, Division I, Chapter 2, the CNMI Government shall automatically have a tax lien in a taxpayer's property and income under 4 CMC §1811 when a taxpayer's liability for the tax and any penalties and interest (together with any costs that may accrue in addition thereto) is assessed, demand for payment is made, and the tax, penalties and interest, or any part thereof, are unpaid. The tax lien shall remain in effect until the assessment is paid, the assessment expires under applicable CNMI law or the lien is discharged by the Division of Revenue and Taxation.

The validity and priority of a tax lien of the CNMI Government in the property and income of a taxpayer for unpaid BGRT or WST, penalties and interest (and any costs may accrue in addition thereto) shall, as against anyone else claiming an interest in the same property or income of the taxpayer, be determined in accordance with applicable CNMI law (including 1 CMC §3711 and 2 CMC §4520). No tax lien of the CNMI Government in a taxpayer's property and income for unpaid BGRT or WST, interest and penalties (and other costs that may accrue in addition thereto), shall have priority over a bona fide purchaser or lessee of a taxpayer for valuable consideration, a bona fide holder of a security interest for value, a bona fide judgment lien creditor or holder of another bona fide interest or encumbrance for value, unless the CNMI Government's tax lien has been recorded previously, or the party claiming the competing interest in the property or income of the taxpayer has actual notice of the tax lien; Provided, that no interest claimed by a competing party in property or income of a taxpayer shall prevail over a tax lien of the CNMI

property, whether tangible or intangible, at the residence of the taxpayer at the time notice of lien is filed.

For purposes of paragraph (2) (B), the residence of a corporation or partnership shall be deemed to be the place at which the principal executive office of the business is located, and the residence of a taxpayer whose residence is without the United States shall be deemed to be in the District of Columbia.

(3) Form - The form and content of the notice referred to in subsection (a) shall be prescribed by the Director. Such notice shall be valid notwithstanding any other provision of law regarding the form or content of a notice of lien.

Note: See section 6323(b) for protection for certain interests even though notice of lien imposed by section 6321 is filed with respect to:
1. Securities
2. Motor vehicles
3. Personal property purchased at retail

and Return Information

(K) Disclosure of Certain Returns and Return Information For Tax Administration Purposes.-

(2) Disclosure of amount of outstanding lien. - If a notice of lien has been filed pursuant to section 6323(f), the amount of the outstanding obligation secured by such lien may be disclosed to any person who furnishes satisfactory written evidence that he has a right in the property subject to such lien or intends to obtain a right in such property.

Excerpts from Commonwealth Code
4 CMC §1811 Tax Liens-Levy of Executive Authorized
All taxes imposed or authorized under this Act shall be a lien upon any property of the person or business obligated to pay said taxes and may be collected by levy upon such property in the manner to be prescribed by

Government unless the party claiming such competing interest has taken all steps under applicable law to properly create and perfect the interest claimed in the taxpayer's property or income, and said interest is not otherwise contrary to or in violation of CNMI law.

For purposes of the BGRT, the WST and the NMTIT, notices of tax lien shall be recorded with the Commonwealth Recorder's Office. A notice of tax lien so recorded shall be perfected as to all of a taxpayer's real property located within the CNMI, to all tangible and intangible personal property and income of a taxpayer residing within the CNMI, and to all tangible and intangible personal property and income located in the CNMI of a taxpayer residing without the CNMI.

In addition to any other levy, collection and foreclosure procedures, powers and remedies allowed by CNMI law (including 2 CMC §4520, 4 CMC §1813, 4 CMC §4201 through §4210, 7 CMC §4102 through §4104), the CNMI Government is granted and shall have the right, for purposes of BGRT, and WST, to use the levy, collection and foreclosure procedure, powers and remedies set forth in IRC §6331 through §6331 (d) (4) and (g), and IRC §6335 (f) and (g), and the reference to IRC §6334 contained in IRC §331 shall not apply.

Form **668(Y)CM** (Rev. 6-94)